Marlin D. Jackson, Commissioner State Bank Department 323 Center Street Little Rock, Arkansas 72201-2613
Dear Mr. Jackson:
This is in response to your request for an opinion regarding Act 539 of 1987. You have asked specifically whether the Act, in particular Sections 2(A) and (B), is constitutional.
Act 539 amends Ark. Stat. Ann 67-360 (Repl. 1980) which governs the establishment of full service branch offices. Section 2(A) of Act 539 applies to "any bank whose main office is located in a county in this State having a population of 200,000 inhabitants or more according to the most recent federal decennial census," while Section 2(B) applies to "any bank whose main office is located in a county having a population of less than 200,000." According to the 1980 federal decennial census, Pulaski County is the only county in the state with a population in excess of 200,000. Therefore, Section 2(A) applies only to Pulaski County.
Amendment 14 to the Arkansas Constitution states that "[t]he General Assembly shall not pass any local or special act."
In Laman v. Harrill, 233 Ark. 967, 970, 349 S.W.2d 814 (1961), the Arkansas Supreme Court outlined what it considered "local", equating this term with a law which "applies to any subdivision of division of the state less than the whole." It is clear, however, that a statute which applies only to a single county is not per se invalid under Amendment 14. Rather, the Court will look to the subject matter of the legislation and determine whether the limitations in the Act is reasonably related to this subject matter. As stated in Littleton v. Blanton, 281 Ark. 395, 405665 S.W.2d 239 (1984):
 Within the meaning of Amendment 14, a _____ law [is not] invariably `local' if it applies only to a limited area. It depends in each case upon the subject matter of the legislation, the need to be met and the classification used or factors considered to insure fairness and non-discrimination in the application of the statute.
While it must therefore be initially determined whether this legislation separates a locale from the general operation of laws, which Act 539 clearly does, an assessment must also be made to determine whether it constitutes impermissible local legislation within the meaning of Amendment 14. The Arkansas Supreme Court has stated that prohibited local legislation must arbitrarily separate one place from another. Board of Trustees, University of Arkansas v. Pulaski County, 229 Ark. 370, 375, 315 S.W.2d 879
(1958). The test to be used in assessing this arbitrariness is similar to a rational basis test under the 14th Amendment to the United States Constitution, Streight v. Ragland, 280 Ark. 206,213, 655 S.W.2d 459 (1983) reh. den. September 19, 1983; that is, whether the classification in the Act bears any rational relationship to a legitimate objective the General Assembly sought to accomplish by enactment of the law.
It is my opinion that this Act will be deemed constitutional if a Court presented with the issue is satisfied that the Act's distinction among counties on the basis of population is justified by factors particular to the business of banking in counties with more than 200,000 inhabitants. It is impossible to list all potential arguments in this regard, or to predict the outcome of litigation since there is no case law directly on point.
There is, of course, a presumption of constitutionality attendant to every legislative enactment. Littleton v. Blanton,281 Ark. at 405. This is a factor to be considered. Yet it must be recognized that the Act does pose potential problems. Factors justifying the distinction based upon population may not be limited to the selected population criteria. For example, one might argue that the level of competition sustainable by a densely-populated area, i.e., a county have a population of 200,000 or more, justifies that distinction. Yet benefits flowing from unrestrained competition in more sparsely-populated locales are also conceivable. And the Act's imposition of particular criteria with respect to banks in counties having a population of less than 200,000 may also be problematic. Although the presumption of constitutionality will apply, a challenge may also compel the presentation of facts supporting this distinction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.